[S. F. No. 7194. In Bank.—August 5, 1915.]

MASSACHUSETTS BONDING AND INSURANCE COMPANY, Petitioner, v. A. J. PILLSBURY et al., as Members of and Constituting the Industrial Accident Commission of the State of California, Respondents.

WORKMEN'S COMPENSATION ACT—PARTIAL PERMANENT DISABILITY OF LESS THAN TEN PER CENT.—The Workmen's Compensation, Insurance and Safety Act, sections 12 and 15, liberally construed as required by section 86 (a), authorizes an allowance for a partial permanent disability to an employee where the proportion of disability to total disability is less than ten per cent.

ID.—POWER OF INDUSTRIAL ACCIDENT COMMISSION—STATUTORY LIMITATIONS.—The power of the Industrial Accident Commission to award compensation is derived from the statute and exists only in the cases and to the extent defined therein.

ID.—ALLOWANCE FOR SURGICAL TREATMENT—LIABILITY OF INSURANCE CARRIER—NEGLECT TO PROVIDE TREATMENT.—An injured employee does not lose his right to hold the insurance carrier liable, under section 15 (a) of the act, for surgical services, where it appears that, being dissatisfied with the advice given him by the surgeon first selected by the insurance company, he was directed by it to go to another surgeon, and finding him out of town, then went to his family physician for treatment. Such facts warrant the conclusion that the employer and the insurance carrier neglected seasonably to provide the surgical treatment reasonably required.

APPLICATION for a Writ of Review directed to the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

John Ralph Wilson, for Petitioner.

Christopher M. Bradley, for Respondents.

SLOSS, J.—This is a writ of *certiorari* to review an award of the Industrial Accident Commission allowing to an injured employee compensation in the sum of $175.34 and in addition thereto the reasonable value of medical and surgical services rendered to him, the amount of the claim for such services to be thereafter approved by the commission.

The petitioner, Massachusetts Bonding and Insurance Company, had issued a policy of insurance to the employer.

The various constitutional objections to the validity of the Workmen's Compensation, Insurance and Safety Act have been determined against the petitioner's contentions by our recent decision in *Western Indemnity Co.* v. *Pillsbury*, (S. F. No. 7134), *ante*, p. 686, [151 Pac. 398].

Two other points are presented by the record.

1. The applicant, L. D. Taylor, was employed by the Kissel Kar Branch as a machinist working upon automobiles. In the course of his work, the little finger of his left hand was caught in a gear, and the end of the finger was crushed. He was treated by a surgeon, who amputated the finger at the distal joint. The commission found that by reason of his injury the applicant had sustained a permanent partial disability equalling two and three-fourths per cent of a total disability and entitling him to disability indemnity lasting for a period of eleven weeks from the fifteenth day after he left work.

The petitioner contends that the act does not authorize an allowance for a partial permanent disability where the proportion of disability to total disability is less than ten per cent. Section 15 of the act fixes the scale or schedule of compensation to be allowed. The section first provides for temporary disability whether total or partial. Permanent disabilities are covered by subdivision 5, as follows: "(5) If the accident causes permanent disability, the percentage of disability to total disability shall be determined and the disability indemnity computed and allowed as follows: for a ten per cent disability, sixty-five per cent of the average weekly earnings for a period of forty weeks; for a twenty per cent disability, sixty-five per cent of the average weekly earnings

for a period of eighty weeks''; and so on in gradations up to one hundred per cent disability. Subdivision 6 declares that ''the indemnity for permanent disabilities intermediate to those fixed by the foregoing schedule shall be computed and allowed as follows: If under seventy per cent, sixty-five per cent of the average weekly earnings for four weeks for each one per cent of disability; if seventy per cent or over, sixty-five per cent of the average weekly earnings for two hundred and forty weeks and thereafter one per cent of such weekly earnings for each one per cent of disability in excess of sixty per cent to be paid during the remainder of life.'' Subdivision 7 reads as follows: ''(7) In determining the percentages of permanent disability, account shall be taken of the nature of the physical injury or disfigurement, the occupation of the injured employee and his age at the time of such injury.''

The power of the commission to award compensation is, of course, derived from the statute and exists only in the cases and to the extent defined therein. The sole authority for partial permanent disability is that declared in subdivision 15. This begins with a disability amounting to ten per cent and continues with increasing steps up to a disability of one hundred per cent. The petitioner's claim is that the subdivision does not contemplate or provide that any compensation for permanent disability, as such, should be allowed where the ratio of disability to total disability is less than ten per cent. Subdivision 6, it is claimed, contains nothing tending to change the suggested construction, since this subdivision merely fixes the scale for computing indemnity for disabilities ''intermediate to those fixed by the foregoing schedule.''

Under a strict and literal interpretation, the disabilities ''intermediate'' to those fixed in subdivision 5 would cover only those between the extreme limits specified, i. e., between ten and one hundred per cent. But the act, under section 86 (a), is to be liberally construed. Its purpose was to provide compensation where disability resulted from accidental injuries. Section 12(a) declares that ''liability for the compensation provided by this act, in lieu of any other liability whatsoever, shall, without regard to negligence, exist against an employer for any personal injury sustained by his employees . . .'' Section 15 reads: ''Sec. 15: Where liability for compensation under this act exists, such compensation shall be furnished or paid by the employer . . .'' Where the em-

ployee has suffered a permanent disability in consequence of an accident arising out of and in the course of his employment, and the required conditions of compensation defined in section 12 concur, the mere fact that the percentage of disability falls below ten would seem to furnish no good reason for excluding the employee from the benefits designed to be given all injured employees. By section 12, the right of compensation is declared to exist. Section 15 should not be construed so as to destroy the right theretofore declared to exist, if such result can fairly be avoided. We think that, under a liberal construction, the expression "intermediate to those fixed" can well be interpreted to include percentages below ten as well as those above. This is the more permissible since subdivision six divides the intermediate disabilities into two classes, those under seventy per cent and those of seventy per cent or over. The term "under 70 per cent" covers everything between zero and seventy per cent and may properly be regarded as qualifying the strict meaning of the word "intermediate."

Under this view, the commission did not exceed its jurisdiction in allowing compensation for a permanent disability of two and three-fourths per cent.

2. The other point raised by the respondents has to do with the allowance of the claim for surgical services. It is claimed that Taylor was not entitled to any compensation for such services for the reason that he refused to accept the proper medical and surgical aid provided for him by the insurance carrier, insisting instead upon the services of a physician of his own selection. Under section 15 (a) of the act, the employer is required to provide such "medical, surgical, and hospital treatment . . . as may reasonably be required at the time of the injury and within ninety days thereafter" and in case of his neglect or refusal seasonably to do so, he is liable for the reasonable expense incurred by or on behalf of the employee in providing the same. By subdivision 2 of section 34 the insurance carrier, after notice, is "substituted in place of the employer" in the proceeding. It may be conceded for the purpose of the argument that under these provisions the employer has the right, in the first instance, to designate the physician or surgeon who shall attend the injured man, and that if the latter, without any reasonable ground, refuses to accept the services of such physician, the

cost of procuring medical treatment is upon him.   It may also be conceded that where insurance is effected under the act and after proper notice, the insurance carrier has all the rights of the employer in this regard.   Here, however, there is evidence that Taylor was dissatisfied with the advice given him by the surgeon first selected by the insurance company, and that after he had communicated his dissatisfaction to the company he was directed to go to another surgeon.   Finding that the surgeon thus suggested by way of substitution was out of town he went to his family physician for treatment. While the company might have been entitled to insist upon its first selection, the commission was authorized, under the evidence, to conclude that this right had been waived.   Taylor, on finding that the surgeon last designated was not at hand, was not bound to wait indefinitely until he should return. The commission did not exceed its power in finding, as it impliedly did, that the injured man acted upon reasonable and proper grounds in seeking the services of his own physician. In other words, the evidence supports the conclusion that the employer and the insurance company, in the language of section 15, subdivision (a) neglected seasonably to provide the surgical treatment reasonably required.

The award is affirmed.

Shaw, J., Melvin, J., Henshaw, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.